**UNITED STATES of America,**

v.

**Edwin RODRIGUEZ, Appellant.**

**No. 11–3065.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 29, 2011.

Filed: Oct. 5, 2011.

---

Roberta Benjamin, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Edwin Rodriguez, White Deer, PA, pro se.

Before: FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Edwin Rodriguez, a pro se inmate, appeals the order of the District Court denying his petition for a writ of audita querela. Because we conclude that this appeal presents no substantial question, we will summarily affirm. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Following a 1996 jury trial in the United States District Court for the Eastern District of Pennsylvania, Edwin Rodriguez was convicted of conspiracy to distribute cocaine and was sentenced as a career offender to 360 months in prison. This Court affirmed. *See United States v. Rodriguez,* 168 F.3d 480 (Table) (3d Cir.1998). Rodriguez then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the District Court denied after conducting an evidentiary hearing. We denied his request for a certificate of appealability. (C.A. No. 01–3908.)

Rodriguez has filed several additional post-conviction motions, including two applications pursuant to 28 U.S.C. § 2244 to file a successive § 2255 motion, all of which have been unsuccessful. On December 14, 2010, he filed a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651, in the District Court, claiming that he was entitled to resentencing under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court denied the mo-

tion on July 12, 2011. Rodriguez filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting or denying a petition for a writ of audita querela is plenary. *See United States v. Gamboa,* 608 F.3d 492, 494 (9th Cir.2010); *cf. Grider v. Keystone Health Plan Cent., Inc.,* 500 F.3d 322, 328 (3d Cir.2007) (exercising plenary review of injunctions under All Writs Act).

We agree with the District Court's conclusion that Rodriguez may not seek sentencing relief though a petition for a writ of audita querela. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009) (internal quotation omitted). A motion pursuant to 28 U.S.C. § 2255 is the proper avenue to challenge his sentence. *Id.* We note that Rodriguez has already filed one such motion, which was unsuccessful, as well as two unsuccessful applications pursuant to 28 U.S.C. § 2244 for authorization to file a successive § 2255 motion. Nevertheless, Rodriguez "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996." *Id.*

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.